UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEAM LOGISTICS, LLC,<br><br>**Plaintiff**<br><br>v.<br><br>TACTICAL TRANSPORT, LLC, and DOES 1-10,<br><br>**Defendants** | CASE NO. 1:20-CV-1670 AWI JLT<br><br>ORDER TO SHOW CAUSE |

This is a business dispute between Plaintiff and Defendant. Plaintiff brings California state law causes of action. The Complaint alleges that this Court has diversity jurisdiction.

"[T]he question whether a court has subject matter jurisdiction can be raised at any time by the parties or the court." Beers v. Southern P. Transp. Co., 703 F.2d 425, 429 (9th Cir. 1983) (citing Fed. R. Civ. P. 12(h)(3)). Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a); Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016). Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). The citizenship of an entity depends upon the form of the entity. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Like a partnership, an LLC

1  "is a citizen of every state of which its owners/members are citizens." 3123 SMB, LLC v. Horn,
2  880 F.3d 461, 465 (9th Cir. 2018); Johnson, 437 F.3d at 899 (9th Cir. 2006); see Zambelli
3  Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

4       Here, there Complaint clearly indicates that over $75,000 is in controversy.  The
5  Complaint identifies more than $220,000 in goods that are being allegedly improperly held by
6  Defendant.  However, the Complaint alleges that Defendant is "a limited liability company formed
7  and exists under the laws of the State of California and has its principal place of business [in
8  California]."  Complaint ¶ 7.  Similarly, the Complaint alleges that Plaintiff "is a limited liability
9  company incorporated in the State of Tennessee with its principal place of business in Tennessee."
10 Id. at ¶ 6.

11      The problem is that an LLC's citizenship is not determined by examining the State of
12 organization or registration or the principal place of business.  Johnson, 437 F.3d at 899.  Since
13 2006, it has been clear in the Ninth Circuit that the citizenship of an LLC is not determined in the
14 same or similar way as a corporation.  See id.  Rather, an LLC's citizenship is the same as its
15 members/owners.  Id.; see also Zambelli Fireworks, 592 F.3d at 420; 3123 SMB, 880 F.3d at 465.
16 The Complaint contains no allegations regarding the party LLC's members.  Plaintiff's allegations
17 regarding principal place of business and state of incorporation do not provide any relevant
18 information regarding the parties' citizenship.

19      "The party seeking to invoke the district court's diversity jurisdiction always bears the
20 burden of both pleading and proving diversity jurisdiction."  Rainero, 844 F.3d at 839.  As
21 demonstrated above, Plaintiff has not met its burden of pleading diversity jurisdiction.  Therefore,
22 it is appropriate for Plaintiff to show cause in writing why this case should not be dismissed for
23 lack of subject matter jurisdiction.  The response must demonstrate that Plaintiff has the ability to
24 properly plead and invoke diversity jurisdiction.

## **ORDER**

26      Accordingly, IT IS HEREBY ORDERED that:
27 1. No later than twenty-one (21) days of service of this order, Plaintiff is to show cause in
28     writing why this case should not be dismissed for lack of subject matter jurisdiction; and

2.     Failure of the Plaintiff to timely show cause will result in the dismissal of this case for lack of subject matter jurisdiction without further notice.

IT IS SO ORDERED.

Dated:   November 24, 2020           _____
                                                           SENIOR DISTRICT JUDGE